**Opinion filed August 8, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00066-CV

_____

## IN THE INTEREST OF K.G. AND A.K., CHILDREN

**On Appeal from the 220th District Court**

**Comanche County, Texas**

**Trial Court Cause No. FM17917**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and the fathers of K.G. and A.K. The mother filed this appeal. In her sole issue on appeal, she contends that the order of termination is void because the trial court had lost jurisdiction because it did not timely commence the trial. *See* TEX. FAM. CODE ANN. § 263.401(a) (West 2019). We affirm.

*Background Facts*

On February 14, 2019, the trial court commenced the bench trial and signed the order of termination in this cause. The trial court found by clear and convincing evidence that termination of Appellant's parental rights would be in the best interest

of the children and also that Appellant had committed five of the acts listed in Section 161.001(b)(1) of the Texas Family Code. *See id.* § 161.001(b)(1), (2) (West Supp. 2018). Because Appellant does not challenge those findings in this appeal, we need not discuss the evidence in support of those findings.

Instead, the pertinent facts relate to the date that the trial court entered an order regarding temporary conservatorship, the dismissal date as mandated by the Family Code, and the date that the bench trial commenced. The record reflects that the Department of Family and Protective Services filed the original petition in this cause on September 12, 2017, and that the trial court entered its emergency order appointing the Department as the temporary sole managing conservator of the children on September 13, 2017. In an order dated March 1, 2018, the trial court correctly indicated that the dismissal date was September 17, 2018. However, on July 30, 2018, prior to the original dismissal date, the trial court determined that extraordinary circumstances necessitated that the children remain in the temporary managing conservatorship of the Department and that it would be in the children's best interest to do so. In its July 30, 2018 order, the trial court retained the case on the court's docket and set a new dismissal date of March 16, 2019, which was 180 days after the original dismissal date. Trial commenced prior to March 16, 2019.

*Analysis*

The section of the Family Code upon which Appellant relies provides in relevant part as follows:

> (a) Unless the court has commenced the trial on the merits or granted an extension under Subsection (b) or (b-1), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court's jurisdiction over the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child is terminated and the suit is automatically

dismissed without a court order. Not later than the 60th day before the day the suit is automatically dismissed, the court shall notify all parties to the suit of the automatic dismissal date.

(b) Unless the court has commenced the trial on the merits, the court may not retain the suit on the court's docket after the time described by Subsection (a) unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child. If the court makes those findings, the court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a). If the court retains the suit on the court's docket, the court shall render an order in which the court:

(1) schedules the new date on which the suit will be automatically dismissed if the trial on the merits has not commenced, which date must be not later than the 180th day after the time described by Subsection (a);

(2) makes further temporary orders for the safety and welfare of the child as necessary to avoid further delay in resolving the suit; and

(3) sets the trial on the merits on a date not later than the date specified under Subdivision (1).

*Id.* § 263.401(a), (b).

If the trial court had not entered the July 30, 2018 order extending the dismissal date, we would agree with Appellant that, pursuant to the above-quoted statute, the trial court's termination order would be void. We note that the July 30 order was not a part of the appellate record when Appellant filed her brief—despite Appellant's request for the trial court clerk to include all of the trial court's orders. At the request of the Department, however, a supplemental clerk's record containing the July 30 order was subsequently filed in this court. The July 30 order complied with Section 263.401(b) and, thus, extended the dismissal date. Because the bench

3

trial commenced prior to the properly extended dismissal date, the trial court retained jurisdiction over the suit. *See id.* Accordingly, we overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the trial court's order of termination.

KEITH STRETCHER

JUSTICE

August 8, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.